



**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq.  (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

BHUSHAN ATHALE, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

          Plaintiff,

          v.

SINOTECH ENERGY LIMITED; GUOQIANG
XIN; BOXUN ZHANG; QINGZENG LIU;
XIAOXUAN BI; HEQING YAO; JING LIU; UBS
AG; CITIGROUP GLOBAL MARKETS, INC.;
LAZARD CAPITAL MARKETS LLC,

          Defendants.

-----------------------------------------------------------X

CIVIL ACTION NO.

CLASS ACTION COMPLAINT

**JURY TRIAL DEMANDED**

       Plaintiff  Bhushan Athale, individually and on behalf of all other persons similarly situated,

by his undersigned attorneys, for his complaint against defendants, alleges the following based upon

personal knowledge as to himself and his own acts, and information and belief as to all other matters,

based upon, *inter alia*, the investigation conducted by and through his attorneys, which included,

1

among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding SinoTech Energy Limited, ("SinoTech", or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the American Depository Shares of SinoTech ("ADS") pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on November 3, 2010, including open-market purchasers of ADS' between November 3, 2010 and August 16, 2011, inclusive, seeking to recover damages caused by defendants' violations of federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act").

### JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77(o)).

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a).

4.      Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a). Pursuant to 28 U.S.C. § 1391(d), SinoTech may be properly sued in any District in the United States, including the Southern District of New York. Moreover, SinoTech's

ADSs traded on the NASDAQ Global Select Market, which is located in this District.   The underwriter defendants also conduct business and maintain offices in this District.  Thus, venue is proper in this District.

5.       In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.       Plaintiff Bhushan Athale, as set forth in the accompanying certification, incorporated by reference herein, purchased SinoTech ADSs pursuant to or traceable to the Company's IPO and was economically damaged thereby.

7.       Defendant SinoTech is a Cayman Islands corporation headquartered in the People's Republic of China ("PRC").   SinoTech through its operating subsidiaries purports to provide enhanced oil recovery services to oil companies in the PRC.  SinoTech claims to provide EOR services using lateral hydraulic drilling (LHD) technology that is designed to enhance production in oil wells and coalfields by increasing the quantity of the flow of oil and methane gas to the vertical wellbore from the surrounding reservoirs; and molecular deposition film technology, which increases oil recovery from mature wells by displacing the residual oil that adheres to sedimentary rock or sand in the oil reservoir. The Company also claims to offer technical services to coalbed methane customers using the LHD technology.

8.       SinoTech's ADS traded on the NASDAQ Global Select Market under ticker "CTE."

3

9.      Defendant Qingzeng Liu ("Liu"), at all relevant times herein, was and is the Chairman of the Board of Directors of SinoTech. Liu signed the Registration Statement in connection with the IPO.

10.     Defendant Guoqiang Xin ("Xin"), at all relevant times herein, was and is the Chief Executive Officer of the Company. Xin signed the Registration Statement in connection with the IPO.

11.     Defendant Boxun Zhang ("Zhang"), at all relevant times herein, was and is the Company's Chief Financial Officer. Zhang signed the signed the Registration Statement in connection with the IPO.

12.     Defendant Xiaoxuan Bi ("Bi"), at all relevant times herein, was and is a Company Director. Bi signed the signed the Registration Statement in connection with the IPO.

13.     Defendant Heqing Yao ("Yao"), at all relevant times herein, was and is a Company Director. Yao signed the signed the Registration Statement in connection with the IPO.

14.     Defendant Jing Liu ("J. Liu"), at all relevant times herein, was and is a Company Director. J. Liu signed the signed the Registration Statement in connection with the IPO.

15.     Liu, Xin, Zhang, Bi, Yao and J. Liu are collectively referred to hereinafter as the "Individual Defendants."

16.     Defendant UBS AG ("UBS"), was the lead underwriter of the IPO.

17.     Defendant Citigroup Global Markets, Inc. ("Citigroup"), was an underwriter of the IPO.

18.     Defendant Lazard Capital Markets LLC ("Lazard"), was an underwriter of the IPO.

19.    UBS, Citigroup, and Lazard are collectively referred to hereinafter as the "Underwriter Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action as a class action on behalf of himself and on behalf of all purchasers of the ADS of the Company issued pursuant to and/or traceable to the Company's IPO, including purchasers between November 3, 2010 and August 16, 2011, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

21.    The members of the Class are so numerous that joinder of all members is impracticable. Approximately 19.7 million ADS shares were sold in the IPO. The precise number of the Class members is unknown to Plaintiff at this time but it is believed to be in the thousands. Members of the Class may be identified from records maintained by SinoTech or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

22.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

23.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

24.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) whether the provisions of the Securities Act were violated by defendants' acts as alleged herein;

(b) whether documents, including the Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

(c) the extent to which members of the Class have sustained damages, and the proper measure of damages.

25.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

26.    On November 3, 2010, the Company filed with the SEC an amended registration statement on Form F-1/A.  The Registration Statement contained, *inter alia*, a Prospectus.  The Company filed the final Prospectus with the SEC on November 4, 2010.

27.    On November 3, 2010 the Registration statement was declared effective and the IPO commenced.  The IPO involved the sale of 19,736,842 ADS at an offering price of $8.50/share. Gross proceeds to the Company from the IPO were $124.8 million.

6

28.     Certain representations made in the Company's Registration Statement and Prospectus in connection with the IPO were materially inaccurate, as demonstrated below:

(a)     In the Registration Statement the Company reported sales and net income as follows:

| Period | Sales | Net Income |
| --- | --- | --- |
| May 6, 2009 to September 30, 2009 | $15,269,947 | $ 5,220,208 |
| October 1, 2009 to May 5, 2009 | $22,942,841 | $9,305,986 |
| Year ended September 30, 2008 | $31,366,704 | $11,643,104 |
| Period from October 1, 2007 to October 12, 2007 | $802,998 | $89,645 |
| Year ended September 30, 2007 | $24,901,064 | $8,113,165 |

(b)     The Company's reported sales and revenues were materially inaccurate, because the nature, size and scope of the Company's business was materially exaggerated.

29.     The foregoing matters, all of which existed at the time of the IPO, were partially on August 16, 2011 when the Alfredlittle.com published a report citing numerous red flags of false statements by the Company.

30.     According to the report:

•     SinoTech's sole import agent accounting for over $100 million worth of oil drilling equipment orders appears to be an empty shell with no sign of operation, a limited import history and negligible revenue base.

•     SinoTech's sole chemical supplier appears to be an empty shell, with little or no revenues, a deserted office and no signs of production activity.

- Likewise, SinoTech's five largest subcontracting customers, providing the vast majority of SinoTech's revenues, appear to be shell companies with unverifiable operations and minimal revenues themselves.

- SinoTech's oil drilling technology is questionable, mispriced and uncompetitive.

- SinoTech's audited financial statements filed with Chinese Government's State Administration of Industry and Commerce (SAIC) further confirm its negligible business operation. According to the report the SAIC filings for 2009 show only $134,000 in revenue while the SEC filings for 2009 report over $38 million in revenue. The report also notes that for 2009 the SAIC filings show a net loss, yet the SEC filings report net income of over $18 million.

- SinoTech's board of directors lacks independence and effective oversight of management, evidenced by undisclosed related party dealings.

- SinoTech's stock is theoretically worth less than $0.63 per share but investors will likely recover nothing.

31.    This announcement shocked the market and caused the Company's stock to fall from $4.05/share on the morning of August 16, 2011 to $2.35/share, or approximately 42% later that day.

32.    On August 16, 2011, the NASDAQ halted all trading in the Company's stock, the reason for the halt was "pending receipt of additional information requested by NASDAQ."

33.    Because trading in SinoTech's ADSs have been halted, then have been rendered essentially worthless because the ADSs are practically illiquid.

**FIRST CLAIM**

8

## Violation of Section 11 of the Securities Act
### Against All Defendants

34.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

35.    This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired SinoTech ADS pursuant to or traceable to the Company's IPO.  Each Class Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus.  SinoTech is the issuer of the securities through the Registration Statement and Prospectus.  The Individual Defendants are signatories of the Registration Statement and Prospectus.

36.    Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class

37.    All Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure

that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

38.     None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

39.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above.  By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

40.     SinoTech is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

41.     At the times they obtained their shares of SinoTech, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

42.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

43.    By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

**SECOND CLAIM**

**Violations of Section 15 of the Securities Act**
**Against the Individual Defendants**

44.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

45.    This claim is asserted against the Individual Defendants, each of whom was a control person of SinoTech during the relevant time period.

46.    For the reasons set forth above in the First Claim, above, SinoTech is liable to the plaintiff and the members of the Class who purchased SinoTech ADSs in the IPO based on the untrue statements and omissions of material fact contained in the Registration Statement and Prospectus, pursuant to Section 11 of the Securities Act, and were damaged thereby.

47.    The Individual Defendants were control persons of SinoTech by virtue of, among other things, their positions as senior officers of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

48.    None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

49.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after SinoTech shares was sold to the Class in connection with the IPO.

50.     By reason of the misconduct alleged herein, for which SinoTech is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as SinoTech pursuant to Section 15 of the Securities Act.

WHEREFORE, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b) Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c) Awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

    Plaintiff hereby demands a trial by jury.


Dated: August 19, 2011                Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**

                                       Phillip Kim, Esq. (PK 9384)
                                       Laurence Rosen, Esq. (LR 5733)
                                       275 Madison Avenue, 34th Floor
                                       New York, NY  10016
                                       Phone: (212) 686-1060
                                       Fax: (212) 202-3827
                                       pkim@rosenlegal.com
                                       lrosen@rosenlegal.com

                                       Counsel for Plaintiff

13

**Kim, Phillip**

| | |
|---|---|
| **From:** | Administrator |
| **Sent:** | Wednesday, August 17, 2011 6:46 PM |
| **To:** | lr54321@gmail.com |
| **Subject:** | Confirmation of Receipt of Certification |

Dear Bhushan Athale,

We have received your certification in the SinoTech Energy, Ltd. class action litigation. Thank you for submitting your information. Below is a copy of your certification - please retain it for your records. If you have any questions, please feel free to contact us at 1-866-rosenlegal (866-767-3653) or via e-mail at info@rosenlegal.com.

With increasing frequency, we find that our new clients were victimized by more than one company. If you think you may have lost monies in the market due to the dishonest acts or statements of a different company and would like it to be investigated, free of charge, please email us at reportfraud@rosenlegal.com.

Sincerely,

The Rosen Law Firm P.A.

--------

CERTIFICATION

Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against SinoTech Energy, Ltd.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The SinoTech Energy, Ltd. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

First name: Bhushan

Last name: Athale

Address: ███████████         REDACTED

City: ██████

State, Zip: ██████████

Email: █████████████████

Phone: ████████████

The Plaintiff Certifies that:

1

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Shares Purchased:

Purchase Date(s): 08/16/2011
Number of shares: 1000
Price per Share: 2.36

Purchase Date(s): 08/16/2011
Number of shares: 1000
Price per Share: 2.46


Shares Sold:


7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:


I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: yes

By clicking on the button below, I intend to sign and execute this agreement: yes

Clicked to Submit Certification in the SinoTech Energy, Ltd. Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act

--------------

Confidential Information

The information in this e-mail message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (866-767-3653) and return the original message to the above e-mail address. Thank you.

--------------