UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BHUSHAN ATHALE, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:11-cv-05831-GBD<br><br>CLASS ACTION |
| Plaintiff, | : : : | |
| vs. | : : | |
| SINOTECH ENERGY LIMITED, GUOQIANG XIN, BOXUN ZHANG, QINGZENG LIU, XAOXUAN BI, HEQING YAO, JING LIU, UBS AG, CITIGROUP GLOBAL MARKETS, INC. and LAZARD CAPITAL MARKETS LLC, | : : : : : : : : | **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ZECH CAPITAL LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL** |
| Defendants. | : : | |

[Caption continued on following page.]

|  |  |
|---|---|
| JACK CRAYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>SINOTECH ENERGY LIMITED, GUOQIANG XIN, BOXUN ZHANG, QINGZENG LIU, XAOXUAN BI, HEQING YAO, JING LIU, DONALD J. PUGLISI, UBS AG, UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS, INC., LAZARD CAPITAL MARKETS LLC and GRANT THORNTON (n/k/a JBPB & CO.),<br><br>      Defendants. | : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 1:11-cv-05935-GBD<br><br><u>CLASS ACTION</u> |
| JOHN YOUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>SINOTECH ENERGY LIMITED, GUOQIANG XIN, BOXUN ZHANG, QINGZENG LIU, XAOXUAN BI, HEQING YAO, JING LIU, UBS AG, UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS, INC., LAZARD CAPITAL MARKETS LLC and GRANT THORNTON HK (n/k/a JBPB & CO.),<br><br>      Defendants. | : : : : : : : : : : : : : : : : : : : | Civil Action No. 1:11-cv-06179-GBD<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

|  |  |
|---|---|
| ROGER GUSTAFSON and GERMMAINE HEIN-GUSTAFSON, On Behalf of Themselves and All Others Similarly Situated, : : : : Plaintiffs, : : vs. : : SINOTECH ENERGY LIMITED, GUOQIANG XIN, BOXUN ZHANG, QINGZENG LIU, XAOXUAN BI, HEQING YAO, JING LIU, UBS AG, UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS, INC., LAZARD CAPITAL MARKETS LLC and GRANT THORNTON (n/k/a JBPB & CO.), : : : : : : : : : Defendants. : | Civil Action No. 1:11-cv-06905-GBD<br><br>CLASS ACTION |

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. ARGUMENT ..................................................................................................................... 3

    A. The Related Actions Pending Before This Court Should be Consolidated ............. 3

    B. Zech Capital Should Be Appointed Lead Plaintiff ................................................... 5

        1. The Procedure Required by the PSLRA ....................................................... 5

        2. Zech Capital Satisfies the "Lead Plaintiff" Requirements of the PSLRA ................................................................................................................ 6

            a. Zech Capital Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff .............................................................. 6

            b. Zech Capital Has the Requisite Financial Interest in the Relief Sought by the Class ................................................................ 6

            c. Zech Capital Otherwise Satisfies Rule 23 ....................................... 7

    C. The Court Should Approve Zech Capital's Choice of Co-Lead Counsel ................ 9

IV. CONCLUSION ................................................................................................................. 9

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court are the above-captioned four securities class action lawsuits (collectively, the "Actions") brought on behalf of all those who purchased or otherwise acquired the American Depositary Shares ("ADS") of SinoTech Energy Limited ("SinoTech" or the "Company") between November 3, 2010 and August 16, 2011, inclusive (the "Class Period"), and on behalf of all persons or entities who purchased or otherwise acquired the ADSs pursuant and/or traceable to the Company's Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's Initial Public Offering ("IPO") on November 3, 2010.

The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §78(j)(b) and 78(t)) and violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2), and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Proposed lead plaintiff Zech Capital LLC ("Zech Capital"), the personal investment vehicle of its managing member, Richard Zecher, hereby moves this Court for an Order: (i) consolidating the related Actions pursuant to Federal Rules of Civil Procedure 42(a); (ii) appointing it as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and The Weiser Law Firm, P.C. ("Weiser") to serve as Co-Lead Counsel.

This motion is made on the grounds that the Actions pending before this Court involve common questions of law and fact, rendering consolidation appropriate. Further, Zech Capital is the most adequate plaintiff as defined by the PSLRA because it possesses a significant financial interest

in this Action, *see* Rosenfeld Decl. Ex. B,[1] and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Accordingly, Zech Capital's motion should be granted.

## II.     FACTUAL BACKGROUND

SinoTech provides Enhanced Oil Recovery services to major oil and gas fields in the People's Republic of China. The Complaint asserts violations of the federal securities laws against SinoTech Energy, certain of its officers and directors, and its underwriters for issuing materially inaccurate information about the Company's financial performance.

On August 16, 2011, research analyst Alfred Little published a report entitled "SinoTech Energy: Enhanced Oil Recovery or Capital Extraction?" (the "Report"). The Report contained a number of shocking revelations based on Alfred Little's research into SinoTech, including that the Company's sole import agent, sole chemical supplier, and five largest subcontracting customers, all appeared to be shell companies with little or no actual operations. The Report also revealed that the Company's oil drilling technology was questionable, mispriced and uncompetitive. Additionally, the Report revealed that the Company's financial statements as filed with the Chinese Government's State Administration of Industry and Commerce (the "SAIC") differed from those that the Company filed with the SEC, and indicated that SinoTech had negligible business operations. Moreover, the Report revealed that the Company's board of directors lacked independence and effective oversight of SinoTech management, as evidenced by undisclosed related party dealings.

---

[1]     References to the "Rosenfeld Decl., Exh. ___ " are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of Motion of Zech Capital LLC for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel, dated October 18, 2011, and submitted herewith.

Upon the release of this news, the Company's shares declined $1.67 per share, or over 41 percent, to close on August 16, 2011 at $2.35 per share, on unusually heavy trading volume. Later on August 16, 2011, and following the publication of the Report, NASDAQ halted trading in the Company's ADS, and stated that they would remain halted until the Company "fully satisfied NASDAQ's request for additional information." Trading has not resumed.

Consequently, the Complaint alleges that the defendants failed to disclose and misrepresented material adverse facts which were known to defendants or recklessly disregarded by them, including that: (1) the Company's only import agent, who accounted for over $100 million worth of oil drilling equipment orders, was a shell company with no operations; (2) the Company's sole chemical supplier was a shell company with little or no revenues; (3) the Company's largest subcontracting customer, which provides the majority of SinoTech's revenues, had minimal revenues and unverifiable operations; (4) the Company's financial results filed with the SEC were inconsistent with financial filings made to the SAIC; (5) the Company had engaged in undisclosed related-party transactions; (6) as a result, the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (7) the Company lacked adequate internal and financial controls; (8) as a result of the foregoing, the Company's positive public statements and its financial statements were materially false and misleading at all relevant times; and (9) the Registration Statement and/or other offering materials issued in connection with the Company's November 3, 2010 IPO – wherein approximately $19.7 million of ADS were sold – were materially misleading and inaccurate at the time they were issued.

**III. ARGUMENT**

    **A. The Related Actions Pending Before This Court Should be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not

-3-

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); 15 U.S.C. §77z-1(a)(3)(B)(ii).[2]

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). In these instances, district courts maintain "broad discretion to consolidate actions," and "have taken the view that considerations of judicial economy favor consolidation." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); *see also Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *7-8 (S.D.N.Y. July 20, 2004) (finding that when securities action complaints "are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced").[3]

At present, there are four securities class actions pending before this Court against SinoTech, certain of its officers and directors, and underwriters of the Company's securities offering during the Class Period: (1) *Athale v. SinoTech Energy Limited, et al*, Case No. 11-cv-5831-GBD, filed August 19, 2011; (2) *Crayder v. SinoTech Energy Limited, et al*, Case No. 11.cv.5935-GBD, filed August 24, 2011; (3) *Young v. SinoTech Energy Limited, et al*, Case No. 11-cv-6179-GBD, filed September 2, 2011; (4) *Gustafson et al v. SinoTech Energy Limited, et al*, Case No. 11-cv-6905-GBD, filed September 31, 2011.[4]

---

[2]   Zech Capital notes that the PSLRA's lead plaintiff procedures are identical for actions brought pursuant to the Exchange Act and/or the Securities Act.

[3]   Unless otherwise noted, all emphasis is added and citations omitted.

[4]   The *Athale* complaint only alleges violations of the Securities Act. The subsequently filed complaints plead violations of the Securities Act as well as the Exchange Act.

These Actions present substantially similar factual and share common legal issues. Because these Actions are based on the same materially false and misleading statements, the same discovery will be relevant to all lawsuits. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Thus, consolidation of the Actions is appropriate here.

### B. Zech Capital Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on August 19, 2011. *See* Rosenfeld Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### 2. Zech Capital Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Zech Capital Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on August 19, 2011), Zech Capital timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the October 18, 2011 deadline. Richard Zecher, the managing member of Zech Capital, has signed and filed a certification stating that Zech Capital, his personal investment vehicle, is willing to serve as the representative party on behalf of the class. *See* Rosenfeld Decl. Ex. C. In addition, Zech Capital has selected and retained competent counsel to represent him and the class. *See* Rosenfeld Decl. Ex. D, E. Accordingly, Zech Capital is entitled to have its application for appointment as Lead Plaintiff and selection of Co-Lead Counsel considered and approved by the Court.

#### b. Zech Capital Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification and loss chart, Zech Capital incurred a substantial $8,635,524 loss on its transactions in SinoTech. Rosenfeld Decl. Ex. B, C. Zech Capital, thus, has a substantial financial interest in this

case. Upon information and belief, Zech Capital possesses the largest financial interest of any movant seeking lead plaintiff status in the Actions.

### c.     Zech Capital Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. 2009) ("[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23."). Zech Capital satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).

Zech Capital satisfies this requirement for the PSLRA claims because, just like all other class members, it: (1) invested in SinoTech during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Zech Capital's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Caiafa v. Sea Containers Ltd.*, 2006 WL 2381841, at *1 (S.D.N.Y. Aug. 14, 2006) (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'").

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Zech Capital to represent the class to the existence of any conflicts between the interests of Zech Capital and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Zech Capital is an adequate representative of the class. As evidenced by the injury suffered by Zech Capital based on materially false and misleading statements, its interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Zech Capital's interests and those of the other members of the class. Further, Zech Capital has taken significant steps which demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. As shown below, Zech Capital's proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex

litigation in a professional manner. *See Caiafa*, 2006 WL 2381841, at *1 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Accordingly, Zech Capital *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Zech Capital's Choice of Co-Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Zech Capital has selected Robbins Geller and Weiser to serve as Co-Lead Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See, e.g., Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Robbins Geller's predecessor firm); *In re Orion Secs. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008) (same); *In re Oracle Corp. Derivative Litig.*, 824 A.2d 917 (Del. Ch. 2003) (while at predecessor firm, Weiser served as co-lead counsel in an action challenging certain multi-million dollar stock sales made by Oracle's senior officers); *In re Affiliated Computer Services Derivative Litig.*, No. 3:06-cv-1110 (N.D. Tex. 2006) (Weiser served as co-lead counsel); Rosenfeld Decl., Ex. D, E. Accordingly, the Court should approve Zech Capital's selection of Co-Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Zech Capital respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint it as Lead Plaintiff in the Action; (iii) approve its selection of Co-Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

| | |
|---|---|
| DATED:  October 18, 2011 | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD |

*s/David A. Rosenfeld*
_____
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
dwilens@rgrdlaw.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Telephone:  610/225-2677
610/225-2678 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD