UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BHUSHAN ATHALE, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; UBS AG; CITIGROUP GLOBAL MARKETS, INC.; LAZARD CAPITAL MARKETS LLC,<br><br>        Defendants. | Civil Action No.: 1:11-cv-5831-GBD |
| JACK CRAYDER, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; DONALD J. PUGLISI; UBS AG; UBS SECURITIES LLC; CITIGROUP GLOBAL MARKETS INC.; LAZARD CAPITAL MARKETS LLC; and GRANT THORNTON (n/k/a JBPB & CO.)<br><br>        Defendants. | Civil Action No.: 1:11-cv-5935-GBD |

[*caption continued next page*]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SINOTECH INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

944071.1

| | |
|---|---|
| JOHN YOUNG, Individually And On Behalf Of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; UBS AG; UBS SECURITIES LLC; CITIGROUP GLOBAL MARKETS INC; LAZARD CAPITAL MARKETS LLC and GRANT THORNTON HK (n/k/a JBPB & CO.),<br><br>   Defendants. | Civil Action No.: 1:11-cv-6179-GBD |
| ROGER GUSTAFSON and GERMMAINE HEIN-GUSTAFSON, On Behalf Of Themselves And All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; UBS AG; UBS SECURITIES LLC; CITIGROUP GLOBAL MARKETS INC; LAZARD CAPITAL MARKETS LLC and GRANT THORNTON (n/k/a JBPB & CO.),<br><br>   Defendants. | Civil Action No. 1:11-cv-6905-GBD |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1

II. SUMMARY OF THE FACTUAL ALLEGATIONS............................................ 3

III. ARGUMENT.......................................................................................................... 4

    A. The Actions Should Be Consolidated........................................................ 4

    B. Movant Should Be Appointed Lead Plaintiff ........................................... 5

        ............................................................................................................. 6

        1. Movant Timely Moved For Appointment as Lead Plaintiff .......... 6

        2. Movant Has the Largest Financial Interest in the Relief
           Sought by the Class......................................................................... 7

        3. Movant Otherwise Satisfies the Requirements of Rule 23 ............ 8

    C. The Court Should Approve Movant's Selection Of Co-Lead
       Counsel ....................................................................................................... 9

IV. CONCLUSION.................................................................................................... 10

944071.1

Class members James Jaffke, Maria Figueroa, and Henry L. Stanley (collectively, "Movant" or the "SinoTech Investor Group") respectfully submit this memorandum in support of their motion (1) to consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) to be appointed as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) and Section 21D (a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) for approval of their selection of the law firms of Lieff, Cabraser, Heimann, & Bernstein, LLP ("Lieff Cabraser") and Berman DeValerio as Co-Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.     INTRODUCTION

Presently pending in this District are four related securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the American Depository Shares ("ADS") of SinoTech Energy Limited ("SinoTech" or the "Company") between November 3, 2010 and August 16, 2011, inclusive (the "Class Period"), including purchasers in SinoTech's initial public offering ("IPO") of ADS on or about November 3, 2010.  The Actions are brought against SinoTech, certain of its officers and directors, the Company's registered accounting firm, and the underwriters of the IPO, and allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77o, and 77t, and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  The pending Actions are:

| Case Name | Case No. | Date Filed | Assigned Judge |
| --- | --- | --- | --- |
| *Athale v. SinoTech Energy Ltd.* | 1:11-cv-5831 | 8/19/11 | George B. Daniels |
| *Crayder v. SinoTech Energy Ltd.* | 1:11-cv-5935 | 8/24/11 | George B. Daniels |

| *Young v. SinoTech Energy Ltd.* | 1:11-cv-6179 | 9/2/11 | George B. Daniels |
| *Gustafson v. SinoTech Energy Ltd.* | 1:11-cv-6905 | 9/30/11 | George B. Daniels |

Pursuant to the PSLRA, the Court shall decide whether to consolidate the related Actions prior to selecting a Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B )(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, as discussed below, the Actions should be consolidated because they each allege substantially the same wrongdoing by several of the same defendants and assert similar claims of relief.

As soon as practicable after consolidation, the Court is to appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" and that also meets the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3)(B )(iii); 15 U.S.C. § 78u-4 (a)(3)(B)(iii). Here, the SinoTech Investor Group is the most adequate plaintiff because: (1) it suffered losses of approximately $119,284 on its investments in SinoTech ADS during the Class Period and, to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (2) it satisfies the typicality and adequacy requirements of Rule 23(a)(3) and (4) of the Federal Rules of Civil Procedure. Accordingly, the Court should appoint the SinoTech Investor Group as Lead Plaintiff.

The Court should also approve Movant's selection of Lieff Cabraser and Berman DeValerio as Co-Lead Counsel. *See* 15 U.S.C. § 77z-1(a)(3)(B )(v); 15 U.S.C. § 78u-4 (a)(3)(B)(v). Lieff Cabraser and Berman DeValerio have extensive experience in representing investors in securities class actions and have recovered hundreds of millions of dollars on behalf of investors in securities fraud cases. For the reasons set forth below, Movant's motion should

be approved in its entirety.

## II. SUMMARY OF THE FACTUAL ALLEGATIONS

SinoTech provides enhanced oil recovery (EOR) services to major oil companies in China. The Company provides EOR services using technologies including Lateral Hydraulic Drilling ("LHD") and Molecular Deposition Film ("MDF") chemical separation. According to SinoTech, LHD technology increases crude oil or methane gas output and MDF technology increases oil recovery from mature wells by displacing the residual oil that adheres to sedimentary rock or sand in the oil reservoir.

The Actions allege that during the Class Period, defendants misrepresented and/or omitted material information concerning SinoTech's financial condition, business operations, and prospects.

On August 16, 2011, a research analyst writing under the alias "Alfred Little" published a report describing numerous problems with respect to SinoTech's previously issued financial statements and future prospects. The report stated, among other things, that: (1) the Company's sole import agent, who accounted for more than $100 million worth of oil drilling equipment orders, is an empty shell company with no sign of operations; (2) the Company's only chemical supplier is also an empty shell company, with little or no revenues; (3) the Company's largest subcontracting customer, which provides the vast majority of SinoTech's revenues, has unverifiable operations with minimal revenues; (4) the financial statements SinoTech issued in the United States are inconsistent with similar filings the Company made with regulators in China; (5) the Company engaged in undisclosed related-party transactions in violation of Generally Accepted Accounting Principles ("GAAP"); and (6) positive statements the Company made regarding its internal financial controls were false and misleading when made. The report concluded that "[a]ll evidence support[s] the conclusion that [the Company's] SEC financial

944071.1

statements are unreliable."

On this news, the price of SinoTech ADS fell more than 40%, from a closing price of $4.02 per share on August 15, 2011 to $2.35 per share at the close of trading on August 16, 2011—a decline of $1.67 per share on unusually high trading volume. On the same day, the NASDAQ Global Select Market ("NASDAQ") halted trading in SinoTech ADS, announcing that trading would remain halted until the Company "fully satisfied NASDAQ's request for additional information." To date, trading has not resumed.

### III. ARGUMENT

#### A. The Actions Should Be Consolidated

The PSLRA requires that prior to the appointment of Lead Plaintiff, a court should consolidate securities class actions brought "on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 77z-1(a)(3)(B)(ii); 15 U.S.C. § 78u-4 (a)(3)(B)(ii). When a court is presented with securities actions based on the same "public statements and reports, consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (citation omitted). In addition, "[c]onsolidation promotes judicial convenience and avoids unnecessary costs to the parties." *In re Gen. Electric Secs. Litig.*, No. 09 Civ. 1951, 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990)).

In this case, the Actions involve substantially similar operative facts and many of the same defendants and assert the same claims under the Securities Act and the Exchange Act. In the interests of judicial efficiency and economy, the Actions should be consolidated for all purposes.

### B.     Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth a procedure that governs the appointment of a Lead Plaintiff in a private action arising under the Securities Act and the Exchange Act brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B)(i); 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§ 77z-1(a)(3)(A) and (B); 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA also directs the Court to presume that the "most adequate plaintiff" to serve as Lead Plaintiff "is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

This presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see, e.g., Stevelman v. Alias Research, Inc.*, No. 91-cv-682, 2000 WL 888385, at *5 (D. Conn. June 22, 2000); *Fitzgerald v. Citigroup, Inc.*, No. 03 Civ. 4305, 2004 U.S. Dist. LEXIS 5066, at *5-6 (S.D.N.Y. Mar. 26, 2004); *Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 402-03 (S.D.N.Y. 2004); *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 421 (S.D.N.Y. 2003); *see also Lernout & Hauspie*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262-68 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 1300 (2002) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job").

### 1. Movant Timely Moved For Appointment as Lead Plaintiff

In this case, the plaintiff in the first-filed action published a notice on *Business Wire* on August 19, 2011.[1] The notice advised that all class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by October 18, 2011. The SinoTech Investor Group's motion, filed on October 18, 2011, is therefore timely. 15 U.S.C. §§ 77z-1(a)(3)(A) and (B); 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

---

[1] A copy of the notice is attached as Exhibit A to the Declaration of Daniel P. Chiplock ("Chiplock Decl."), submitted herewith. Courts have recognized the national news wire services as suitable vehicles for meeting the PSRLA's requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62 64 (D. Mass. 1996).

## 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

The SinoTech Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought. 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Movant suffered losses of approximately $119,284 from transacting in SinoTech ADS during the Class Period.

Under the Exchange Act, losses are calculated as the difference between the purchase or sale price paid and the mean trading price over a 90-day period beginning after the close of the class period. *See* 15 U.S.C. § 78u-4(e)(1) (requiring damages to be based upon the mean trading price for the 90 days after the correction was revealed, which period has yet to expire). As a result of SinoTech's fraud, NASDAQ halted SinoTech's trading on August 16, 2011 and shares of SinoTech ADS have not been traded in the open market since that time. Given the illiquid nature of these shares, Movant has ascribed $0 per share to approximate the value of its retained shares. *See* Chiplock Declaration, Exhibit C.

The members of the SinoTech Investor Group have signed certifications stating that they have: (1) reviewed the complaint; (2) authorized the filing of a complaint on their behalf; and (3) are willing to serve as representatives on behalf of the Class. These certifications contain the requisite statements and satisfy subsection (aa) of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Copies of Movant's certifications are attached as Exhibit B to the Chiplock Declaration submitted herewith.

Messrs. Jaffke and Stanley and Ms. Figueroa are appropriate movants because they made the decision to seek appointment as Lead Plaintiff. Further, the SinoTech Investor Group is a small group of investors that is more than capable of spearheading this litigation as Lead

Plaintiff.

To the best of Movant's knowledge, there are no other movants who have sought, or are seeking, appointment as Lead Plaintiff, that have a larger financial interest arising from transactions in SinoTech ADS during the Class Period.  Accordingly, Movant believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 3.     Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  Movant clearly satisfies both requirements.

#### a.     Movant's Claims are Typical of the Claims of the Class

Movant's claims are typical of the claims of other members of the class.  Typicality is established "where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  However, the claims of the class representative need not be identical to those of all members of the class to satisfy the typicality requirement.  *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 113 (S.D.N.Y. 2010).

Movant satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, it: (1) transacted in SinoTech ADS during the Class Period; (2) purchased SinoTech ADS at prices that were artificially inflated by defendants' wrongful conduct; and (3) suffered damages thereby.  Movant's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are

based on the same legal theories.  *Id.*

### b. <u>Movant Will Fairly and Adequately Represent the Interests of the Class</u>

The SinoTech Investor Group likewise satisfies the adequacy requirement of Rule 23.  In assessing adequacy, courts consider whether (1) the plaintiff has interests in common with, and not antagonistic to, the interests of the class; and (2) the plaintiff's attorneys are qualified, experienced and able to conduct the litigation.  *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

Movant has made a sufficient showing that it is adequate under Rule 23.  Movant and its counsel believe that their interests do not conflict with the interests of other class members.  In fact, the interests of Movant and other class members are aligned because each class member purchased SinoTech ADS in reliance on the misrepresentations or omissions.  In addition, there is no evidence that Movant's action is collusive.

Moreover, Movant has demonstrated its adequacy through its selection of Lieff Cabraser and Berman DeValerio as Co-Lead Counsel to represent the class.  As discussed more fully below, Lieff Cabraser and Berman DeValerio are highly qualified and experienced in the area of securities litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

Accordingly, Movant has made the requisite showing that it satisfies the typicality and adequacy requirements of Rule 23.  The Court should therefore appoint Movant as Lead Plaintiff.

### C. <u>The Court Should Approve Movant's Selection Of Co-Lead Counsel</u>

The Court should approve Movant's choice of the law firms of Lieff Cabraser and Berman DeValerio to serve as Co-Lead Counsel.  The PSLRA directs that once a court

designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).  The lead plaintiff's selection of lead counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d at 732, n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

Movant has selected and retained the law firms of Lieff Cabraser and Berman DeValerio.  Lieff Cabraser and Berman DeValerio are two of the nation's premier plaintiffs' law firms and have prosecuted scores of securities and financial fraud lawsuits on behalf of public retirement systems and other investors.  *See* the firm resumes of Lieff Cabraser and Berman DeValerio (attached as Exhibits D and E, respectively, to the Chiplock Decl.).  Accordingly, the Court should approve Movant's selection of Lieff Cabraser and Berman DeValerio as Co-Lead Counsel for the class.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve Movant's selection of

Lieff Cabraser and Berman DeValerio as Co-Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).

| | |
|---|---|
| Dated:  October 18, 2011 | LIEFF CABRASER HEIMANN<br>    & BERNSTEIN, LLP<br><br>By:___/s/ Daniel P. Chiplock_____<br>Steven E. Fineman (SF-8481)<br>Daniel P. Chiplock (DC-1137)<br>250 Hudson Street, 8th Floor<br>New York, NY  10013-1413<br>Tel: (212) 355-9500<br>Fax: (212) 355-9592<br><br>LIEFF CABRASER HEIMANN<br>    & BERNSTEIN, LLP<br>Richard M. Heimann<br>Joy A. Kruse<br>Sharon M. Lee (SL-5612)<br>275 Battery Street<br>San Francisco, CA  94111-3339<br>Tel: (415) 956-1000<br>Fax: (415) 956-1008<br><br>BERMAN DEVALERIO<br>Leslie R. Stern<br>Daryl DeValerio Andrews<br>One Liberty Square<br>Boston, MA  02109<br>Tel:  (617) 542-8300<br>Fax:  (617) 542-1194<br><br>*Counsel for the SinoTech Investor Group and Proposed Co-Lead Counsel for the Class*<br><br>GLANCY BINKOW & GOLDBERG LLP<br>Michael Goldberg<br>Lionel Z. Glancy<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067<br>Tel.:  (310) 201-9150<br>Fax:  (310) 201-9160<br><br>*Plaintiff's Counsel* |

944071.1