**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| BHUSHAN ATHALE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-CV-5831 (GBD) <br><br> CLASS ACTION |
| Plaintiff, <br> v. <br><br> SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; UBS AG; CITIGROUP GLOBAL MARKETS, INC.; LAZARD CAPITAL MARKETS LLC, <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TERDE INVERSIONES SICAV, S.A. AND WORLD POLICY SICAV, S.A. TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

----------------------------------------------------------X

| | |
|---|---|
| JACK CRAYDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-CV-5935 (GBD) <br><br> CLASS ACTION |
| Plaintiff, <br> v. <br><br> SINOTECH ENERGY LIMITED; GUOQIANG XIN; BOXUN ZHANG; QINGZENG LIU; XIAOXUAN BI; HEQING YAO; JING LIU; DONALD J. PUGLISI; UBS AG; UBS SECURITIES LLC; CITIGROUP GLOBAL MARKETS, INC.; LAZARD CAPITAL MARKETS LLC; and GRANT THORNTON (n/k/a JBPB & CO.), <br><br> Defendants. | |

----------------------------------------------------------X

```
-----------------------------------------------------------X
```

JOHN YOUNG, INDIVIDUALLY AND ON     Case No.: 11-CV-6179 (GBD)
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,     <u>CLASS ACTION</u>

        Plaintiff,

          v.

SINOTECH ENERGY LIMITED; GUOQIANG
XIN; BOXUN ZHANG; QINGZENG LIU;
XIAOXUAN BI; HEQING YAO; JING LIU; UBS
AG; UBS SECURITIES LLC; CITIGROUP
GLOBAL MARKETS, INC.; LAZARD CAPITAL
MARKETS LLC; and GRANT THORNTON HK
(n/k/a JBPB & CO.),

        Defendants.
```
-----------------------------------------------------------X
```
ROGER GUSTAFSON AND GERMAINE HEIN-     Case No.: 11-CV-6905 (GBD)
GUSTAFSON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY     <u>CLASS ACTION</u>
SITUATED,

        Plaintiff,

V.

SINOTECH ENERGY LIMITED; GUOQIANG
XIN; BOXUN ZHANG; QINGZENG LIU;
XIAOXUAN BI; HEQING YAO; JING LIU; UBS
AG; UBS SECURITIES LLC; CITIGROUP
GLOBAL MARKETS, INC.; LAZARD CAPITAL
MARKETS LLC; AND GRANT THORNTON
(N/K/A JBPB & CO.),

        Defendants.
```
-----------------------------------------------------------X
```

      Terde Inversiones SICAV, S.A. ("Terde") and World Policy SICAV, S.A. ("World

Policy") ("Movant" or "The Funds") respectfully submit this memorandum of law in support of

its motion for an Order, pursuant to Section 21Dof the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed. R. Civ. P. 42(a):

(1)     consolidating the above-captioned related actions;

(2)     appointing Movant as Lead Plaintiff for the class of all purchasers of the American Depository Shares ("ADS") of SinoTech Energy Ltd., ("SinoTech", or the "Company") pursuant and/or traceable to the Company's Registration Statement and Prospectus in connection with the Company's Initial Public Offering on or about November 3, 2010 (the "IPO"), including open-market purchasers of ADS between November 3, 2010 and August 16, 2011, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws; and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

SinoTech is a Cayman Islands corporation with its principal executive offices located in the People's Republic of China.  SinoTech, through its operating subsidiaries, purports to provide enhanced oil recovery services to oil companies in the PRC. SinoTech claims to provide EOR services using lateral hydraulic drilling (LHD) technology that is designed to enhance production in oil wells and coalfields by increasing the quantity of the flow of oil and methane gas to the vertical wellbore from the surrounding reservoirs; and molecular deposition film technology, which increases oil recovery from mature wells by displacing the residual oil that adheres to sedimentary rock or sand in the oil reservoir. The Company also claims to offer

technical services to coalbed methane customers using the LHD technology.  The Company's ADS traded on the NASDAQ under ticker "CTE."

On August 19, 2011, the first of these actions, *Bhushan Athale v. SinoTech Energy, Limited., et al.,* 11-cv-5831 (GBD), was commenced by The Rosen Law Firm, P.A. in this Court seeking remedies against Defendants[1] under Sections 11  and 15 of the Securities Act on behalf of purchasers of SinoTech's IPO.  That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action.  *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Thereafter, three related actions were filed in this Court: *Jack Crayder v. SinoTech Energy Limited, et. al.,*11-cv-5935 (GBD) (filed August 24, 2011); *John Young v. SinoTech Energy Limited, et al.*, 11-CV-6179 (GBD) (filed September 2, 2011); *Roger Gustafson v. SinoTech Energy Limited, et al.,* 11-cv-6905 (GBD) (filed September 30, 2011).  These cases assert claims under both the Securities Act in connection with the IPO and fraud claims under the Exchange Act:

All the above related actions allege that the Company made a number of misrepresentations in its public filings with the SEC. Specifically, the related actions allege that in the Company's amended registration statement on Form F-1/A filed with the SEC, the Company's reported sales and revenues were materially inaccurate, because the nature, size and scope of the Company's business was materially exaggerated.

On April 16, 2011, the financial research site Alfedlittle.com published a report citing numerous red flags indicating that the Company's financial statements were false. These included, among other allegations, that 1) the Company's suppliers appear to be empty shells

---

[1] Defendants are SinoTech, Ltd., Guoqiang Xin, Boxun Zhang, Qingzeng Liu, Xiaoxuan Bi, Heqing Yao, Jing Liu, UBS AG, Citigroup Global Markets, Inc., and Lazard Capital Markets, LLC.

with no sign of operation, 2) that its largest customers were shell companies with unverifiable operations and minimal revenues themselves, and that 3) the Company's audited financial statements as filed with the Chinese Government's State Administration of Industry and Commerce (SAIC) showed revenue and net income millions of dollars lower than its filings with the SEC.

This announcement caused the Company's stock to fall from $4.05 per share on the morning of August 16, 2011 to $2.35 per share, or approximately 42%.

That same day, the NASDAQ halted all trading in the Company's stock, thereby rendering it illiquid and virtually worthless to investors.

<u>ARGUMENT</u>

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of the Exchange Act and Securities Act by defendants arising from dissemination to the investing public of false and misleading information contained in the Company's registration statement and other public filings.   Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.   The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii); 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that it is the most adequate plaintiff of the class, and that, as a result, it should be appointed Lead Plaintiff.

### A.    Movant is Willing to Serve as a Class Representative

The Funds have filed the instant motion and have submitted certifications attesting to each of The Funds' willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial.  *See* Kim Decl., Ex. 2.  The Funds' Director and Investment Manager, Alvaro Alepuz Peinado, has also submitted herewith, a Declaration setting forth background information about The Funds and The Funds' authorization to seek lead plaintiff status.  *See* Kim Decl., Ex. 3.  Accordingly, The Funds satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."  *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).   Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor.   *Fuwei Films*, 247 F.R.D. at 437; *Bensley v. Falconstor Software, Inc.*, __F.Supp.2d__, 2011 WL 3849541, at * 3 (E.D.N.Y. Aug. 29, 2011). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005);

---

[2]   *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

The Funds purchased 212,923 ADS during the Class Period for over $1.26 million and has suffered losses of $1,000,310.83.[3]  *See* Kim Decl., Ex. 4.  Movant is not aware of any other movants that have suffered greater losses in SinoTech ADS during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §77z-1 (a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted); *Bensley*, 2011 WL 3849541, at * 3.  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Fuwei Films*, 247 F.R.D. at 437; *Bensley*, 2011 WL 3849541, at * 3.

---

[3]  Because trading in SinoTech's stock has been halted, Movant uses the illiquid price of zero in calculating losses for held shares.

Movant fulfills the requirements of Rule 23.  The Funds share substantially similar questions of law and fact with the members of the class, and The Funds' claims are typical of those of the members of the class.  Movant and all members of the class allege that defendants violated the federal securities laws by failing to disclose material facts about SinoTech's business and financial condition.  Movant, as did all of the members of the class, purchased SinoTech shares at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute the related actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C.  Movant is not aware of any unique defenses that Defendants could raise against it that would render The Funds inadequate to represent the class. Accordingly, the Court should appoint The Funds as Lead Plaintiff for the class.

### E.      Movant's Institutional Status Supports Appointment

The Funds are sophisticated and professionally managed institutional investment funds, and is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995),  reprinted in 1995 U.S.C.C.A.N. 730, 733); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation").

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.   15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C § 77z-1(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully

prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 5.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, The Funds' counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## <u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing The Funds as Lead Plaintiff of the class; (3) approving Movant's selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 18, 2011                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**


_____/s/ Phillip Kim_____
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this, the 18th day of October, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim