UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

BHUSHAN ATHALE, Individually and on
Behalf of All Others Similarly Situated,

                       Plaintiff,

      vs.

SINOTECH ENERGY LIMITED, et al.,

                 Defendants.

————————————————————————— x

  :   Civil Action No. 1:11-cv-05831-AJN
  :   **(Consolidated)**
  :
  :   <u>CLASS ACTION</u>
  :

## SETTLEMENT AGREEMENT

821589_4

This Settlement Agreement dated March 22, 2013 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Zech Capital, LLC ("Lead Plaintiff"), on behalf of itself and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Sinotech Energy Limited ("Sinotech" or the "Company"), UBS AG, UBS Securities LLC (collectively with UBS AG "UBS"), Citigroup Global Markets Inc. ("Citigroup"), and Lazard Capital Markets LLC ("LCM") (Sinotech, UBS, Citigroup, and LCM are referred to herein as the "Settling Defendants" [1]), on the other hand, by and through their counsel of record in the above-captioned consolidated litigation pending in the United States District Court for the Southern District of New York (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.    THE LITIGATION

This case is currently pending before the Honorable Alison J. Nathan in the United States District Court for the Southern District of New York. Beginning on August 19, 2011, four putative class action complaints were filed in the Southern District of New York (the "Court") and assigned

---

[1]     Additionally, "Underwriter Defendants" means UBS, Citigroup, and LCM; "Individual Defendants" means Qingzeng Liu, Guoqiang Xin, Boxun Zhang, Xiaoxuan Bi, Heqing Yao, and Jing Liu; "Released Defendants" means the Settling Defendants and Individual Defendants; and "Defendants" means the Released Defendants and Ernst & Young Hua Ming LLP.

to the Honorable George B. Daniels.[2]  On February 21, 2012, Judge Daniels consolidated the four

actions (by consolidating the three later filed actions into the *Athale* action, under docket number 11-

cv-5831) (the "Action") and appointed Zech Capital LLC as lead plaintiff.  The next day, the

consolidated action was reassigned to Judge Nathan.  On April 11, 2012, Judge Nathan appointed the

law firms of Robbins Geller Rudman & Dowd LLP and The Weiser Law Firm, P.C., to serve as

Lead Counsel for the Lead Plaintiff and the putative class.

On May 1, 2012, Lead Plaintiff filed a consolidated amended complaint.  On May 31, 2012,

the Settling Defendants filed two motions to dismiss the consolidated amended complaint.  Then, on

June 13, 2012, Lead Plaintiff notified the Court that it would file a second amended complaint by

July 2, 2012.  Based on this intent, on June 13, 2012, the Court denied the two motions to dismiss

without prejudice and gave the Settling Defendants until July 16, 2012, to either file an answer, file

new motions to dismiss, or resubmit their previously filed motions.  On June 26, 2012, the Court set

a new schedule giving Settling Defendants until August 1, 2012 to file new motions to dismiss Lead

Plaintiff's anticipated second amended complaint.

On July 2, 2012, Lead Plaintiff filed the second consolidated amended complaint (the

"Complaint").  The Complaint contains four counts.  Count One alleges violations of Section 11 of

the Securities Act of 1933 (the "Securities Act") against the Company, the Individual Defendants,

and the Underwriter Defendants.  Count Two alleges violations of Section 15 of the Securities Act

against the Individual Defendants.  Count Three alleges violations of Section 10(b) of the Securities

---

[2]      The four actions are: (1) *Athale v. Sinotech Energy Ltd.*, No. 11-cv-5831 (GBD) (filed Aug.
19, 2011); (2) *Crayder v. Sinotech Energy Ltd.*, No. 11-cv-5935 (GBD) (filed Aug. 24, 2011); (3)
*Young v. Sinotech Energy Ltd.*, No. 11-cv-6179 (GBD) (filed Sept. 2, 2011); and (4) *Gustafson v.
Sinotech Energy Ltd.*, No. 11-cv-6905 (GBD) (filed Sept. 30, 2011).

Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 against the Company, Ernst & Young Hua Ming LLP,[3] and defendants Qingzeng Liu, Guoqiang Xin and Boxun Zhang.  Lastly, Count Four alleges violations of Section 20(a) of the Exchange Act against defendants Qingzeng Liu, Guoqiang Xin and Boxun Zhang.

After the Complaint was filed, the parties met and conferred and agreed to attempt to resolve the case by engaging in settlement discussions through mediation.  For this reason, the parties requested that the Settling Defendants' deadline to file motions to dismiss should be deferred by 75 days.  The Court allowed a 30-day extension, setting the filing deadline for August 31, 2012.

After the parties scheduled the mediation for October 31, 2012, they again requested that Settling Defendants' motions be postponed until November 15, 2012, which the Court granted.  Due to Hurricane Sandy, however, the mediation session had to be re-scheduled for December 3, 2012.  The Court again granted a request by the parties to postpone the deadline for Settling Defendants' motions; this time until December 17, 2012.

On December 3, 2012, the parties negotiated for a full day with the assistance of the Honorable Daniel Weinstein (Ret.).  Although the parties began to close the wide divide between their positions, they did not come to an agreement that day.  After continuing to negotiate in the subsequent ten days with the assistance of Judge Weinstein, the parties reached an agreement-in-principle on December 13, 2012.  Thereafter, on January 7, 2013, the parties executed a memorandum of understanding.

---

[3]     As of the date of the execution of this Settlement Agreement, Lead Plaintiff is still pursuing its claims against Ernst & Young Hua Ming LLP, which is neither a party to this Settlement Agreement nor a beneficiary of it.

821589_4

## II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Released Defendants through discovery and trial.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## III.   THE SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny that they have violated the federal securities laws or any laws, and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Settling Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Released Defendants made any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Sinotech American Depository Shares ("Shares") was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were

- 4 -

harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Settling Defendants have concluded that further conduct of the Action could be protracted and distracting. Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶¶9.3-9.4 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Settling Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the members of the Class), on the one hand, and Settling Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to Lead Plaintiff and the Released Defendants, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

- 5 -

1.1 "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" means all Persons (defined below) who purchased the Shares of Sinotech between November 3, 2010 and August 16, 2011, inclusive. Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b) Defendants, members of the immediate family of any Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person. The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in the Company's Shares. To the extent that a Defendant-Controlled Entity purchased Sinotech Shares in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such Sinotech Shares.

1.4 "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Class Period" means the period from November 3, 2010 to August 16, 2011, inclusive.

1.6     "Defendants" means Sinotech, UBS, Citigroup, LCM, Qingzeng Liu, Guoqiang Xin, Boxun Zhang, Xiaoxuan Bi, Heqing Yao, Jing Liu and Ernst & Young Hua Ming LLP.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9     "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses, or any Plan of Distribution of the Settlement Fund.

1.10    "Individual Defendants" means Qingzeng Liu, Guoqiang Xin, Boxun Zhang, Xiaoxuan Bi, Heqing Yao and Jing Liu.

1.11    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

- 7 -

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 and The Weiser Law Firm, P.C., 22 Cassatt Avenue, Berwyn, PA 19312.

1.13    "Lead Plaintiff" means Zech Capital, LLC.

1.14    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in ¶6.4 of this Stipulation.

1.15    "Offering" means the initial public offering of Shares of Sinotech on or about November 3, 2010.

1.16    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

1.18    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.19    "Related Persons" means, with respect to the Released Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns and each

- 8 -

and all of their respective present or former officers, directors, employees, employers, attorneys, accountants (except for Ernst & Young Hua Ming LLP), financial advisors, commercial bank lenders, insurers (including Released Defendants' insurers and those insurers' respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past and present employees, officers, directors, attorneys, accountants, auditors, agents and representatives), investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates and assigns of each of them or any trust of which any Released Defendant and/or their Related Persons is the settlor or which is for the benefit of any Released Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Released Defendant and/or their Related Persons has a controlling interest.

1.20    "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, arising from both the purchase of Sinotech Shares during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Lead Plaintiff in the Action.  The Released Claims extend only to any and/or all Released Defendants and any and/or all of their Related Persons, and do not extend to Ernst & Young Hua Ming LLP.  "Released Claims" includes "Unknown Claims" as defined in ¶1.28 hereof.

1.21    "Released Defendants" means Sinotech, UBS, Citigroup, LCM, Qingzeng Liu, Guoqiang Xin, Boxun Zhang, Xiaoxuan Bi, Heqing Yao and Jing Liu.

1.22    "Released Persons" means each and all of Released Defendants in their individual and corporate capacities and each and all of their Related Persons.

- 9 -

1.23    "Settlement Fund" means Twenty Million Dollars ($20,000,000.00) in cash paid by or on behalf of the Settling Defendants pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon.  Such amount is paid in full and complete settlement of all the Released Claims.

1.24    "Settling Defendants" means Sinotech, UBS, Citigroup and LCM.

1.25    "Settling Parties" means Settling Defendants and Lead Plaintiff on behalf of himself and the Class Members.

1.26    "Shares" means the American Depository Shares of Sinotech.

1.27    "Underwriter Defendants" means UBS, Citigroup and LCM.

1.28    "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law,

821589_4

which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2.     CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, the Claims Administrator shall, at Settling Defendants' expense, serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, the Claims Administrator shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiff and Settling Defendants.

821589_4

### 3.    The Settlement

#### a.    The Settlement Fund

3.1     Sinotech shall cause Two Million Dollars ($2,000,000.00) to be transferred to an account controlled by the Escrow Agent within 10 days of an order granting preliminary approval of the Settlement.  The Underwriter Defendants shall cause Eighteen Million Dollars ($18,000,000.00) to be transferred to an account controlled by the Escrow Agent within 10 days of the filing of this Stipulation and the motion for preliminary approval.  These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund.

#### b.    The Escrow Agent

3.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

- 12 -

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, the Escrow Agent, without further approval of Settling Defendants or the Court, may pay from the Settlement Fund up to $200,000 in notice and administration costs ("Class Notice and Administration Costs") associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $200,000 shall require notice to and agreement from the Settling Defendants, through Settling Defendants' counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by Settling Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Class Notice and Administration Costs in excess of $200,000.

821589_4

c.      **Taxes**

**Qualified Settlement Fund**

3.7      (a)      The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)      All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses

- 14 -

and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

(d)     For the purpose of this ¶3.7, references to the Settlement Fund shall include both the Settlement Fund and any earnings thereon.

**d.     Termination of Settlement**

3.8     In the event that the Class is not certified for settlement purposes, or if the Stipulation: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any

- 15 -

appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from Settling Defendants' counsel.

### 4.   Notice Order and Settlement Hearing

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2     Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

### 5.   Releases

5.1     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

- 16 -

relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against the Released Defendants, or any Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

6.     **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the

- 17 -

Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within five (5) days of the Court's preliminary approval of this Stipulation, Sinotech will use reasonable efforts to cause its transfer agent to provide to Lead Counsel in a computer-readable format the last known names and addresses of all Persons who purchased Shares in the Offering.  Sinotech shall bear the expense of providing such names and addresses.  No Released Persons other than Sinotech shall bear any expenses in connection with the provisions of this ¶6.2.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record identified by Sinotech's transfer agent the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over *Business Wire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses and Lead Plaintiff's expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court;

- 18 -

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, including locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the

- 19 -

Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9     Settling Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11    Settling Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court.

6.12    It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

- 20 -

of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Settling Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.13    No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Released Persons, Settling Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

## 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) expenses in connection with prosecuting the Action, plus interest on both amounts.  Lead Plaintiff may submit a request for his expenses in representing the Class.

7.2    The attorneys' fees and expenses, and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  Any such awards shall be paid solely by the Settlement

- 21 -

Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Settling Defendants' counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Released Persons, other than Sinotech and the Underwriter Defendants, shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel.  Neither Sinotech nor the Underwriter Defendants shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Fund pursuant to ¶3.1.

7.5     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

- 22 -

8.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    Settling Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(c)    the Court has entered the Notice Order substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(d)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiff and the Released Defendants, as set forth above; and

(e)    the Judgment has become Final, as defined in ¶1.9 hereof.

8.2    Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Settling Defendants mutually agree in writing to proceed with the Settlement.

8.3    If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of Sinotech Shares in the Offering in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("First Supplemental Agreement") executed between Lead Plaintiff and Settling Defendants, Settling Defendants each shall have

- 23 -

independently, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement as to themselves in accordance with the procedures set forth in the First Supplemental Agreement. If any of the Settling Defendants exercises this option, the Settling Parties agree to provide the Court with a revised Judgment which will reflect among other things that no release is being provided to such defendant or its Related Persons. The First Supplemental Agreement and the separate Agreement Regarding Allocation of the Settlement Amount (together with the First Supplement Agreement, the "Supplemental Agreements") will not be filed with the Court unless and until a dispute between Lead Plaintiff and Settling Defendants concerning their interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Settling Defendants' counsel by Lead Counsel. Settling Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that any of the Settling Defendants serve a written notice of termination, such Settling Defendant(s) may withdraw its written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Settling Defendants' counsel.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Settling Defendants or Lead Counsel to the Escrow

- 24 -

Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from Settling Defendants' counsel. At the request of counsel for Settling Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Settling Defendants' counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of December 12, 2012. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.28, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of December 12, 2012, and shall be required to present an amended schedule to the Court. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

8.6    Lead Counsel shall have the right but not the obligation to terminate the Settlement fifteen (15) calendar days after the failure of either Sinotech or the Underwriter Defendants to timely pay their portion of the Settlement Fund.

### 9.    Miscellaneous Provisions

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settling Parties agree that the Final Judgment shall contain a bar order that shall, to the fullest extent consistent with the Private Securities Litigation Reform Act (specifically 15 U.S.C. §78u-4(f)(7)), permanently and forever bar any claims for contribution or indemnity by Lead Plaintiff, on behalf of itself and the Class, against the Released Defendants and their Related Persons arising from the facts and circumstances of this action or the Released Claims.  To this end, language has been included in the [Proposed] Final Judgment and Order of Dismissal with Prejudice to accomplish this purpose.  *See* Exhibit B attached hereto.

9.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any

- 26 -

contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.4     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.5     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     The Stipulation and the Exhibits attached (together with the Supplemental Agreements referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the

821589_4

Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein (or, as between Settling Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.9     Neither the Class Members nor Settling Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Settling Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.11    Lead Plaintiff and Lead Counsel represent and warrant that none of the Lead Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.12    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

- 28 -

9.13    The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.

9.14    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.16    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.17    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 22, 2013.

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
CHRISTOPHER M. BARRETT


_____
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
cbarrett@rgrdlaw.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
JOSEPH M. PROFY
CHRISTOPHER NELSON


_____
ROBERT B. WEISER

22 Cassatt Avenue
First Floor
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)
rw@weiserlawfirm.com
bds@weiserlawfirm.com
jjc@weiserlawfirm.com
jmp@weiserlawfirm.com
cln@weiserlawfirm.com

*Lead Counsel for Plaintiffs*

- 30 -

821589_4

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 22, 2013.

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> SAMUEL H. RUDMAN
> DAVID A. ROSENFELD
> CHRISTOPHER M. BARRETT
>
>
> _____
>            DAVID A. ROSENFELD
>
> 58 South Service Road, Suite 200
> Melville, NY  11747
> Telephone: 631/367-7100
> 631/367-1173 (fax)
> srudman@rgrdlaw.com
> drosenfeld@rgrdlaw.com
> cbarrett@rgrdlaw.com
>
> THE WEISER LAW FIRM, P.C.
> ROBERT B. WEISER
> BRETT D. STECKER
> JEFFREY J. CIARLANTO
> JOSEPH M. PROFY
> CHRISTOPHER NELSON    By CLN
>
> _____
>            ROBERT B. WEISER
>
> 22 Cassatt Avenue
> First Floor
> Berwyn, PA  19312
> Telephone: 610/225-2677
> 610/408-8062 (fax)
> rw@weiserlawfirm.com
> bds@weiserlawfirm.com
> jjc@weiserlawfirm.com
> jmp@weiserlawfirm.com
> cln@weiserlawfirm.com
>
> *Lead Counsel for Plaintiffs*

- 30 -

821589_4

WILSON SONSINI GOODRICH
   & ROSATI Professional Corporation
STEVEN M. SCHATZ
RODNEY G. STRICKLAND, JR.
KELLEY M. KINNEY

_____
STEVEN M. SCHATZ
RODNEY G. STRICKLAND, JR.

650 Page Mill Road
Palo Alto, CA 94304
Telephone:  212/351-4000
212/351-4035 (fax)

*Counsel for Defendant Sinotech Energy Limited*


GIBSON, DUNN & CRUTCHER LLP
MARK A. KIRSCH
JOEL M. COHEN



_____
MARK A. KIRSCH

200 Park Avenue, 47th Floor
New York, NY 10166
Telephone:  212/373-4000
212/351-4035 (fax)

*Counsel for Underwriter Defendants*

- 31 -

WILSON SONSINI GOODRICH
   & ROSATI Professional Corporation
STEVEN M. SCHATZ
RODNEY G. STRICKLAND, JR.
KELLEY M. KINNEY

_____
STEVEN M. SCHATZ
RODNEY G. STRICKLAND, JR.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  212/351-4000
212/351-4035 (fax)

*Counsel for Defendant Sinotech Energy Limited*


GIBSON, DUNN & CRUTCHER LLP
MARK A. KIRSCH
JOEL M. COHEN

_____
MARK A. KIRSCH
Joel M. Cohen
200 Park Avenue, 47th Floor
New York, NY 10166
Telephone:  212/373-4000
212/351-4035 (fax)

*Counsel for Underwriter Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 25, 2013.

<div style="margin-left: 45%;">

s/ David A. Rosenfeld

DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:DRosenfeld@rgrdlaw.com

</div>

21589_4

## Mailing Information for a Case 1:11-cv-05831-AJN

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Christopher Michael Barrett**
  cbarrett@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com

- **Daniel Patrick Chiplock**
  dchiplock@lchb.com

- **Jeffrey J. Ciarlanto**
  jjc@weiserlawfirm.com

- **Lionel Z. Glancy**
  lglancy@glancylaw.com,mmgoldberg@glancylaw.com,csadler@glancylaw.com,pbinkow@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Marc Ian Gross**
  migross@pomlaw.com

- **Geoffrey Coyle Jarvis**
  gjarvis@gelaw.com,cnevers@gelaw.com,jkairis@gelaw.com

- **D. Seamus Kaskela**
  skaskela@ktmc.com

- **Angie Young Kim**
  aykim@wsgr.com,ageritano@wsgr.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Kelley M. Kinney**
  kkinney@wsgr.com

- **Mark Adam Kirsch**
  mkirsch@gibsondunn.com,aarias@gibsondunn.com

- **Jason Mathew Leviton**
  jason@blockesq.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Jeffrey Michael Norton**
  jnorton@nfllp.com,BGorson@nfllp.com,cchenette@nfllp.com,ACassady@nfllp.com

- **Fei-Lu Qian**
  flqian@pomlaw.com

- **Kenneth Mark Rehns**
  krehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven Mark Schatz**
  sschatz@wsgr.com

- **Brett D Stecker**
  bds@weiserlawfirm.com

- **Rodney G. Strickland , Jr**
  rstrickland@wsgr.com,lkoontz@wsgr.com

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Antonio Vozzolo**
  avozzolo@faruqilaw.com,ecf@faruqilaw.com

- **Michael Stephen Winograd**
  Michael.Winograd@RopesGray.com,CourtAlert@RopesGray.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Adriene O. Bell**
Kessler Topaz Meltzer & Check, LLP (PA)
280 King of Prussia Road
Radnor, PA 19087

**Patrick Vincent Dahlstrom**
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017

**Michael Goldberg**
Glancy Binkow & Goldberg, LLP (CA)
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

**Bret Ladine**
Wilson Sonsini Goodrich & Rosati (CA)
650 Page Mill Road
Palo Alto, CA 94304

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**Glenn Harlan Spiegel**
Hartman & Craven LLP
460 Park Avenue
New York, NY 10022-1987

**Leslie F. Stern**
Willkie, Farr & Gallagher, Esqs.
1 Citicorp Center, 153 East 53rd Street
New York, NY 10022

**Robert B. Weiser**
The Weiser Law Firm, P.C.
22 Cassatt Avenue
First Floor
Berwyn, PA 19312